UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>          Plaintiff,<br><br>     v.<br><br>CB EQUITIES, LLC, et al.,<br><br>          Defendants. | Case No.  15-cv-03809-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 11 |

On September 28, 2015, Plaintiff Deutsche Bank National Trust Company filed a motion for default judgment. [Docket No. 11.] Having reviewed that motion, this court determines that Plaintiff did not brief its entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff did not adequately brief the issue of the adequacy of service on Defendant under the applicable state or federal rules. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (before assessing merits of motion for default judgment, court must confirm that it has subject matter jurisdiction over case and personal jurisdiction over parties, as well as ensure adequacy of service on defendant). Plaintiff states that Defendants CBE and ABE were served by personal service pursuant to Federal Rule of Civil Procedure 4. There are several methods for service for a corporation under Rule 4. *See* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process in the manner prescribed by Rule 4(e)(1) for serving and individual); Fed. R. Civ. P. 4(h)(1)(B) (service may be made by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant).

Plaintiff does not establish that it has met the requirements for proper service under the relevant provisions. Plaintiff has provided proofs of service that it personally served Rose Garcia on behalf of CB Equities, LLC and that it personally served Jeff Dudwoire on behalf of American Brokers Conduit Corporation. However, Plaintiff has not provided any evidence that the individuals served were proper agents to receive service on behalf of the Defendants.

Plaintiff seeks punitive and exemplary damages on its fraud claim and damages related to its claim for slander of title. In order to recover damages after securing a default judgment, a plaintiff must prove the relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Plaintiff shall submit additional briefing by 9:00 a.m. on December 8, 2015, to address the above deficiencies in the motion for default judgment. Any opposition or statement of non-opposition is due no later than December 9, 2015.

**Immediately upon receipt of this Order, Plaintiff shall serve Defendants with a copy of this Order and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: December 4, 2015

Donna M. Ryu
United States Magistrate Judge

2