**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   DEUTSCHE BANK NATIONAL TRUST
    COMPANY,

10              Plaintiff,

11      v.

12   CB EQUITIES LLC, et al.,

13              Defendants.

14   _____/

15

No. C 15-03809 JSW

**ORDER GRANTING MOTION TO INTERVENE AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

16      Now before the Court is the motion to intervene filed by Kyle and Rachel Halliday ("the

17   Hallidays") as the current owners of the disputed property and the motion by Plaintiff Deutsche

18   Bank National Trust Company ("Plaintiff") for default judgment against Defendants, CB Equities,

19   LLC and American Brokers Conduit Corporation ("Defendants").  The Court finds these motions

20   suitable for disposition without oral argument.  Accordingly, the hearing set for February 3, 2017 is

21   HEREBY VACATED.  *See* N.D. Cal. Civil L. R. 7-6.  Having carefully reviewed the parties' papers

22   and considered their arguments and the relevant legal authority, and good cause appearing, the Court

23   hereby GRANTS the Hallidays' motion to intervene and DENIES Plaintiff's motion for default

24   judgment.

25                                    **BACKGROUND**

26      According to the complaint and undisputed facts in the record, on January 22, 2007, non-

27   party borrower Bill Williams took out a loan for property located at 223 Verde Mesa Drive,

28   Danville, California 94526 (the "Property").  The loan was secured by a deed of trust in favor of

American Brokers Conduit ("ABC") and recorded in Contra Costa County on January 30, 2007 ("2007 Deed of Trust"). Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee beneficiary in the 2007 Deed of Trust and on July 5, 2012, MERS executed an assignment that the beneficial interest was transferred to Plaintiff, Deutsche Bank. This assignment was also recorded in Contra Costa County on August 13, 2012. After Williams failed to make his payments on the loan and foreclosure was initiated, Power Default Services, Inc. was substituted as trustee and recorded a Notice of Default. On October 17, 2012, Williams executed a Grant Deed purportedly transferring his interest in the Property to Defendant CB Equities, LLC ("CBE"). Although CBE did not assume Williams' loan, Plaintiff alleges that the transfer of the Grant Deed was part of a fraudulent scheme designed to improperly and fraudulently extinguish the 2007 Deed of Trust.

Just five days after CBE obtained the Grant Deed, it filed an action before this Court seeking to cancel the 2007 Deed of Trust. CBE sued American Brokers Conduit Corporation ("ABCC") which was not affiliated with the original lender on the loan, American Home Mortgage Holdings, Inc. d/b/a American Brokers Conduit ("ABC"). This prior action filed before Magistrate Judge Donna M. Ryu, *CB Equities, LLC v. American Brokers Conduit Corporation*, Case No. 12-cv-5449 DMR ("Prior Federal Action"), did not name Plaintiff as a party. On November 15, 2012, Defendant CBE and ABCC entered into a Stipulated Judgment seeking to effectuate cancellation of the 2007 Deed of Trust. On November 26, 2012, without any knowledge that the lawsuit in its entirety as well as Stipulated Judgment submitted by the parties were fraudulent, Magistrate Ryu signed the Stipulated Judgment, which was recorded on November 29, 2012.

After Williams continued to fail to make payments on the outstanding loan, on November 26, 2015, Plaintiff recorded a Rescission of the prior Notice of Default and filed a new Notice of Default.

Subsequent to the entry of the Stipulated Judgment, the Property was deeded by CBE to Windeler Development Group, Inc., which then deeded it to the Hallidays. In this matter, Plaintiff alleges that when Defendants executed their stipulation to enter judgment in the Prior Federal Action, they had no right, title, claim or interest in the Property needed to expunge or extinguish the

1  2007 Deed of Trust.  In this action, Plaintiff seeks both to cancel the Stipulated Judgment and for a

2  declaration by this Court that it is void.

3        Plaintiff served Defendants in this matter by personal service but Defendants did not respond

4  to the allegations in the complaint.  On September 28, 2015, Plaintiff filed a motion for default

5  judgment.  When Defendants did not file a responsive pleadings or otherwise appear, the Clerk

6  entered default against Defendants on September 30, 2015.  After this matter was related to the Prior

7  Federal Action before Magistrate Judge Ryu, and after holding a hearing on the pending motion for

8  default judgment, Judge Ryu denied the motion without prejudice.  On February 1, 2016, Plaintiff

9  filed its First Amended Complaint alleging two distinct claims for relief: (1) cancellation of a written

10  instrument (the Stipulated Judgment) and (2) a declaration from the Court that the Stipulated

11  Judgment is void and is without legal force and effect.  Although Defendants were served, they

12  again failed to respond and the Clerk entered default.  Then, on February 25, 2016, Plaintiff moved

13  for default judgment.

14        On February 26, 2016, the Hallidays moved to intervene in this action.  On November 14,

15  2014, nine months prior to Plaintiff filing this action in federal court, the Hallidays had filed suit

16  against Plaintiff in state court asserting causes of action for quiet title, slander of title, and

17  declaratory relief.  That case is currently pending in Contra Costa County Superior Court, *Halliday*

18  *v. Deutsche Bank National Trust Company*, Case No. C14-1992 ("State Court Action").

19        On June 8, 2016, Robert Jacobsen, who has been indicted for wire fraud and money

20  laundering for allegedly using Defendants as nominees in conducting a fraudulent scheme, also

21  moved to intervene.

22        On August 26, 2016, Magistrate Judge Ryu issued an order in the Prior Federal Action

23  setting aside the Stipulated Judgment for fraud upon the court.  The order specifically set out that it

24  did not determine whether the Stipulated Judgment it set aside was void or voidable.

25        After full briefing before Magistrate Judge Ryu on the issue whether this Court should grant

26  default judgment (as well as the pending motions to intervene), on September 14, 2016, Judge Ryu

27  issued a Report and Recommendation ("Report") along with a Request for Reassignment.  In the

28  Report, Judge Ryu recommended that the first cause of action for cancellation of a written

United States District Court

For the Northern District of California

1   instrument (the Stipulated Judgment) be granted as it was rendered moot by the order setting aside

2   the judgment in the Prior Federal Action.  Further, with respect to the second claim seeking a

3   declaration from the Court that the Stipulated Judgment is void and is without legal force and effect,

4   the Report recommended that, due to prudential considerations, the Court should abstain from

5   granting declaratory relief and deny the motion for default judgment as to that claim.  The Report

6   also recommended that the pending motions to intervene be denied as moot on the basis that both set

7   of proposed intervenors sought to be heard only on the question whether the order setting aside the

8   Stipulated Judgment was void or voidable.  Finding that if the assigned court adopts its

9   recommendation to deny Plaintiff's motion for default judgment on this issue, the motions for

10  intervention to prevent entry of default judgment would be rendered moot and therefore should also

11  be denied.

12      Thereafter, this action was reassigned to the undersigned.  Upon brief review of the complex

13  history of these related matters, this Court declined to adopt the recommendation that the motion for

14  default judgment should be denied and referred instead to the State Court for resolution.

15  Accordingly, this Court denied the motion for default judgment and the two pending motions to

16  intervene without prejudice to refiling the motions before the undersigned.  The Hallidays refiled

17  their motion to intervene and Plaintiff refiled its motion for default judgment.  Jacobsen did not

18  refile a motion to intervene.

19      The Court shall address additional specific facts in the remainder of its order.

20                          **ANALYSIS**

21  **A.    Motion to Intervene.**

22      Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a

23  pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest

24  relating to the property or transaction that is the subject matter of the action; (2) the disposition of

25  the action may, as a practical matter, impair or impede the applicant's ability to protect its interest;

26  (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's

27  interest."  *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations

28  omitted).

**United States District Court**
For the Northern District of California

1    In evaluating these requirements, courts "are guided primarily by practical and equitable

2   considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).  Courts generally

3   construe conflicts in favor of intervention.  *United States ex rel. McGough v. Covington Techs. Co.*,

4   967 F.2d 1391, 1394 (9th Cir. 1992).  "By allowing parties with a practical interest in the outcome

5   of a particular case to intervene, we often prevent or simplify future litigation involving related

6   issues; at the same time, we allow an additional interested party to express its views before the

7   court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995)

8   (citation omitted).

9    Proposed intervenors, the Hallidays, are current owners of the disputed property and have

10  demonstrated to the Court's satisfaction that they meet the four requirements of Rule 24(a).  The

11  Hallidays have a significant protectable interest in the resolution of the status of proper title to the

12  property.  The Hallidays' motion to intervene is timely: this litigation is in its early stages before this

13  Court and intervention will not delay the case or prejudice the parties.  Finally, because the

14  Hallidays' interests in the litigation are antagonistic to the current parties before the Court, the

15  existing parties do not represent the Hallidays' interests.  Accordingly, the Court GRANTS the

16  Hallidays' motion to intervene as a matter of right pursuant to Federal Rule of Civil Procedure

17  24(a)(2).  *See e.g., Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).  The Court finds the

18  Hallidays have properly appeared before the Court and their opposition to the pending motion for

19  default judgment has been considered in its entirety.

20  **B.      Motion for Default Judgment.**

21   Upon careful and considerate attention to the filings made in this matter and the related Prior

22  Federal Action, as well as the timing and scope of the State Court Action, this Court agrees that it

23  should not exercise its discretion to grant the relief sought by Plaintiff as to its second cause of

24  action for declaratory relief.[1]  Declaratory judgment is within the Court's discretion and the Court

25  declines to exercise such discretion here.  *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522,

26  533 (9th Cir. 2008) (holding that the Declaratory Judgment Act gives authority to the court to

27

28      [1]   The Court agrees with the Report and finds that the first cause of action for cancellation of the Stipulated Judgment has already been rendered moot by the Court's order dated August 26, 2016 setting aside the Stipulated Judgment in the Prior Federal Action.

**United States District Court**
For the Northern District of California

declare the rights and legal relations of interested parties, but not a duty to do so) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)); 28 U.S.C. § 2201(a).

"In considering whether to hear a claim for declaratory relief, courts consider two criteria: (1) if the judgment 'will serve a useful purpose in clarifying and settling the legal relations in issue;' and (2) if 'it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' When the issues raised by the prayer for declaratory relief will be completely disposed of in other litigation, it may be appropriate to decline to hear the action." *Celador Int'l LTD v. The Walt Disney Co.,* 347 F. Supp. 2d 846, 857 (C.D. Cal 2004) (quoting *McGraw-Edison Co v. Performed Line Prod. Co.,* 362 F.2d 339, 342 (9th Cir. 1966)). "Prudential guidance for retention of the district court's authority is found in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), and its progeny." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). In *Brillhart*, the court established that a district court may, at its discretion, decline to exercise jurisdiction over a claim for declaratory relief where another suit between the same parties, on the same issues, not governed by federal law, is pending in state court. *Brillhart*, 316 U.S. at 495; *see also Wilton*, 515 U.S. at 289-90.

Under *Brillhart*, the district court must undertake an analysis to determine whether it should exercise its discretionary jurisdiction by considering the following factors: (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). The Court may consider several additional factors when considering whether to decline to hear a claim for declaratory relief. The factors are non-exclusive and include determining whether declining to hear the claim for declaratory relief will: avoid duplicative litigation; balance concerns of judicial administration, comity, and fairness to the litigants; settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. *Dizol*, 133 F.3d at 1225 n.5 (citing *Brillhart*, 316 U.S. at 494-95). In addition, the court may

1   consider the convenience of the parties and the availability of other remedies in determining whether

2   to decline to hear a claim for declaratory judgment. *Id.*

3          In this case, several factors weigh in favor of abstention. First, the State Court Action was

4   initiated before this action by the Hallidays against Plaintiff to determine their respective rights to

5   the Property under California law. Although Plaintiff filed suit here nine months later, the bank did

6   not name the Hallidays nor provide them with notice of this action. Second, both the Plaintiff and

7   the Hallidays agree that the legal issue at the root of this property dispute – who owns clear and

8   proper title to the Property – is a matter that must be resolved under California law. Although

9   federal law governs the setting aside of the judgment, this Court has already set it aside as induced

10  by fraud upon the Court. *See* Fed. R. Civ. P. 60(b)(3). The sole issue pending in the State Court

11  Action is the legal effect on title, *i.e.*, whether the Stipulated Judgment is void or voidable. By

12  abstaining from exercising its discretionary declaratory jurisdiction here the Court will avoid making

13  a needless determination of state law.

14         The second factor the Court must consider is the avoidance of forum shopping. Although

15  there is no evidence of forum shopping by either party, Plaintiff's filing of this federal action after

16  the State Court Action was already pending and without notice to the current property owners,

17  weighs slightly in favor of abstention.

18         The third factor weighing in favor of abstention is the avoidance of duplicative or piecemeal

19  litigation. The order in the related Prior Federal Action explicitly reserved the question of whether

20  the Stipulated Judgment was void or voidable. The same judge who set aside the fraudulently

21  induced Stipulated Judgment has twice found that the legal question of its effect on the chain of title

22  should be resolved by California law and before the Superior Court where the earlier-filed State

23  Court Action is currently pending. Although this Court was hesitant to decline to exercise its

24  jurisdiction to adjudicate the legal effect of the setting aside of the judgment, the undersigned, with

25  the benefit of time and an exhaustive review of the related matters, finds that it should indeed

26  abstain from the dispute over the legal ramifications under state law of the set aside judgment for

27  prudential reasons. This federal court has determined to set aside the judgment in the Prior Federal

28  Action based on the fact that it was procured by fraud on the court and not based on whether it is

United States District Court
For the Northern District of California

7

void, or legally erroneous from its inception.  *See* Fed. R. Civ. P. 60(b)(3) and 60(b)(4).

Accordingly, and with deference to this determination, the Court declines to exercise its jurisdiction

and DENIES Plaintiff's motion for default judgment as to its second cause of action for declaratory

relief.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the Hallidays' motion to intervene and

DENIES the Plaintiff's motion for default judgment.

**IT IS SO ORDERED.**

Dated:  January 27, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California

8